United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11   KAZEEM UPSHAW,                         No. C 11-05044 DMR
12            Plaintiff,                    **ORDER GRANTING IN PART**
                                            **PLAINTIFF'S MOTION FOR LEAVE**
13        v.                                **TO AMEND**
14   CITY OF OAKLAND, et al.,
15            Defendants.
     _____/
16

17        Before the court is Plaintiff's motion for leave to amend the complaint to add Jonathan

18   Muniz, Ercivan Martin, Jose Pereznegron and Richardson Sanandes, individually and in their

19   official capacities as police officers for Defendant City of Oakland.  Doc. no. 18.  Defendants filed a

20   late opposition to Plaintiff's motion for leave to amend, and Plaintiff filed a reply.  The court

21   determines that the matter is suitable for decision without oral argument and hereby VACATES the

22   hearing noticed for May 24, 2012.[1]

23        Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter

24   of right at any time before a responsive pleading is served.  Once a responsive pleading has been

25   served, however, amendment requires written consent of the adverse party or leave of the court, and

26   _____

27        [1]    The court notes that Plaintiff filed the instant motion without properly noticing a hearing
     date on the court's electronic case filing system.  Further, Plaintiff's papers erroneously noticed the
28   motion hearing for 10:00 a.m., rather than the court's regular law and motion calendar at 11:00 a.m.,
     on May 24, 2012.  For future filings, Plaintiff is instructed to review the court's standing orders.

leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Although the decision

to grant or deny the motion for leave to amend is governed by the district court's discretion, the

general rule is that amendment of the pleadings is to be permitted.  *See Foman v. Davis*, 371 U.S.

178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).   After the

deadline for amending the pleadings set in a case management scheduling order has passed,

however, amendment of the pleadings requires leave of court and a showing of good cause pursuant

to Federal Rule of Civil Procedure 16(b)(4).  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

(9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-09 (9th Cir.

1992)).  The good cause standard "'primarily considers the diligence of the party seeking the

amendment.'" *Id*. (quoting *Johnson*, 975 F.2d at 609).

 At the February 8, 2012 Initial Case Management Conference, the court set April 9, 2012 as

the last day to file a motion for leave to amend the pleadings to add new parties and/or new claims.

Doc. no. 15.  Because Plaintiff filed his motion for leave to amend on April 11, 2012, after the

deadline for seeking leave to amend the pleadings elapsed, the presumption underlying Rule 15(a)

that leave to amend shall be freely given no longer applies and Plaintiff must demonstrate good

cause for amendment pursuant to Rule 16(b)(4).

 Plaintiff seeks leave to amend on the ground that he was unaware of the identities of the

specific officers involved in the incident alleged in the complaint, which Plaintiff filed on October

13, 2011.  Plaintiff represents that he learned the names of the individual officers from documents

produced by Defendants in their Initial Disclosure Report.  Doc. no. 18 at 3.  Defendants served their

initial disclosure on February 8, 2012, and Plaintiff acknowledges that at the February 8, 2012 Case

Management Conference, Plaintiff's counsel informed the court of his intention to amend the

complaint to name the individual officers.  *See* doc. no. 20 ¶ 2; doc. no. 21 at 2.  Plaintiff represents

that the delay in filing the motion for leave to amend was inadvertent and attributes the delay to

counsel's obligations in another matter and staff oversight.  Doc. no. 21 at 3.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1       Though the court does not excuse late filings due to oversight,[2] Plaintiff has shown that

2    counsel dealt promptly with the missed deadline.  Doc. no. 21 at 3.  The court finds that the delay

3    here was minimal, with Plaintiff filing his motion for leave to amend two days after the court-

4    ordered deadline.  Further, the court determines that Defendants have not shown that they would be

5    prejudiced by allowing Plaintiff leave to amend the complaint to name individual officers, as

6    Defendants were on notice of Plaintiff's intent to add these individuals, whose identities were

7    "readily discernible" from the crime report produced by Defendants pursuant to their initial

8    disclosure.  Doc. no. 20 ¶ 2.  The court does not find that Defendants would be prejudiced by the

9    two day delay, particularly at this relatively early stage of the case.  The court notes that Defendants

10   did not oppose the motion for leave to amend on substantive grounds or otherwise challenge the

11   content of the proposed amended complaint, objecting only to its untimeliness.  The court therefore

12   concludes that Plaintiff has demonstrated good cause to amend the complaint to name individual

13   officers whose identities were ascertained from Defendants' initial disclosure.

14       Upon review of Plaintiff's proposed first amended complaint, however, the court determines

15   that only Officer Muniz has been named as an individual defendant.  *See* doc. no. 18-1 ¶ 7.  The

16   proposed amended complaint does not identify any other individual officers or allege their

17   involvement in the alleged incident.  Civil Local Rule 10-1 provides that "[a]ny party filing or

18   moving to file an amended pleading must reproduce the entire proposed pleading and may not

19   incorporate any part of a prior pleading by reference."  "It is the proposed amended pleading that

20   allows a court to review changes and determine whether 'justice requires' granting leave to amend."

21   *Ouziz v. Capital One Services*, 2008 WL 5115215, at *1 (N.D. Cal. Dec. 4, 2008).  Based on the

22   proposed amended complaint, the court grants leave to amend the complaint only with respect to

23   adding Officer Muniz, and denies without prejudice Plaintiff's motion for leave to amend the

24   complaint to add Officers Martin, Pereznegron and Sanandes.

25       If Plaintiff wants to proceed with the current proposed amended complaint, he is granted

26   leave to file the amended complaint naming Officer Muniz within one week of the date of this order.

27   _____

28       [2]     The court further notes that Plaintiff failed to seek leave to file a late motion.

Alternatively, if Plaintiff seeks leave also to add Officers Martin, Pereznegron and/or Sanandes, Plaintiff must file, within one week of the date of this order, either a motion for leave to amend the complaint or a stipulation and proposed order, accompanied by a revised proposed amended complaint pursuant to Civil Local Rule 10-1.

IT IS SO ORDERED.

Dated:  May 17, 2012

_____
DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4