UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAZEEM UPSHAW,

        Plaintiff,

   v.

CITY OF OAKLAND, et al.,

        Defendants.
_____/

No. C 11-05044 DMR

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Before the court is Plaintiff's motion for leave to amend the complaint to add Jonathan Muniz, Ercivan Martin, Jose Pereznegron and Richardson Sanandes, individually and in their official capacities as police officers for Defendant City of Oakland. Doc. no. 18. Defendants filed a late opposition to Plaintiff's motion for leave to amend, and Plaintiff filed a reply. The court determines that the matter is suitable for decision without oral argument and hereby VACATES the hearing noticed for May 24, 2012.[1]

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court, and

---

[1] The court notes that Plaintiff filed the instant motion without properly noticing a hearing date on the court's electronic case filing system. Further, Plaintiff's papers erroneously noticed the motion hearing for 10:00 a.m., rather than the court's regular law and motion calendar at 11:00 a.m., on May 24, 2012. For future filings, Plaintiff is instructed to review the court's standing orders.

leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although the decision to grant or deny the motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). After the deadline for amending the pleadings set in a case management scheduling order has passed, however, amendment of the pleadings requires leave of court and a showing of good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-09 (9th Cir. 1992)). The good cause standard "'primarily considers the diligence of the party seeking the amendment.'" *Id*. (quoting *Johnson*, 975 F.2d at 609).

At the February 8, 2012 Initial Case Management Conference, the court set April 9, 2012 as the last day to file a motion for leave to amend the pleadings to add new parties and/or new claims. Doc. no. 15. Because Plaintiff filed his motion for leave to amend on April 11, 2012, after the deadline for seeking leave to amend the pleadings elapsed, the presumption underlying Rule 15(a) that leave to amend shall be freely given no longer applies and Plaintiff must demonstrate good cause for amendment pursuant to Rule 16(b)(4).

Plaintiff seeks leave to amend on the ground that he was unaware of the identities of the specific officers involved in the incident alleged in the complaint, which Plaintiff filed on October 13, 2011. Plaintiff represents that he learned the names of the individual officers from documents produced by Defendants in their Initial Disclosure Report. Doc. no. 18 at 3. Defendants served their initial disclosure on February 8, 2012, and Plaintiff acknowledges that at the February 8, 2012 Case Management Conference, Plaintiff's counsel informed the court of his intention to amend the complaint to name the individual officers. *See* doc. no. 20 ¶ 2; doc. no. 21 at 2. Plaintiff represents that the delay in filing the motion for leave to amend was inadvertent and attributes the delay to counsel's obligations in another matter and staff oversight. Doc. no. 21 at 3.

Though the court does not excuse late filings due to oversight,[2] Plaintiff has shown that counsel dealt promptly with the missed deadline. Doc. no. 21 at 3. The court finds that the delay here was minimal, with Plaintiff filing his motion for leave to amend two days after the court-ordered deadline. Further, the court determines that Defendants have not shown that they would be prejudiced by allowing Plaintiff leave to amend the complaint to name individual officers, as Defendants were on notice of Plaintiff's intent to add these individuals, whose identities were "readily discernible" from the crime report produced by Defendants pursuant to their initial disclosure. Doc. no. 20 ¶ 2. The court does not find that Defendants would be prejudiced by the two day delay, particularly at this relatively early stage of the case. The court notes that Defendants did not oppose the motion for leave to amend on substantive grounds or otherwise challenge the content of the proposed amended complaint, objecting only to its untimeliness. The court therefore concludes that Plaintiff has demonstrated good cause to amend the complaint to name individual officers whose identities were ascertained from Defendants' initial disclosure.

Upon review of Plaintiff's proposed first amended complaint, however, the court determines that only Officer Muniz has been named as an individual defendant. *See* doc. no. 18-1 ¶ 7. The proposed amended complaint does not identify any other individual officers or allege their involvement in the alleged incident. Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." "It is the proposed amended pleading that allows a court to review changes and determine whether 'justice requires' granting leave to amend." *Ouziz v. Capital One Services*, 2008 WL 5115215, at *1 (N.D. Cal. Dec. 4, 2008). Based on the proposed amended complaint, the court grants leave to amend the complaint only with respect to adding Officer Muniz, and denies without prejudice Plaintiff's motion for leave to amend the complaint to add Officers Martin, Pereznegron and Sanandes.

If Plaintiff wants to proceed with the current proposed amended complaint, he is granted leave to file the amended complaint naming Officer Muniz within one week of the date of this order.

---

[2] The court further notes that Plaintiff failed to seek leave to file a late motion.

Alternatively, if Plaintiff seeks leave also to add Officers Martin, Pereznegron and/or Sanandes, Plaintiff must file, within one week of the date of this order, either a motion for leave to amend the complaint or a stipulation and proposed order, accompanied by a revised proposed amended complaint pursuant to Civil Local Rule 10-1.

IT IS SO ORDERED.

Dated: May 17, 2012

DONNA M. RYU
United States Magistrate Judge