**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiff
**KAZEEM UPSHAW**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZEEM UPSHAW,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a municipal corporation; ANTHONY BATTS in his capacity as CHIEF of POLICE for CITY OF OAKLAND POLICE DEPARTMENT; JONATHAN MUNIZ, ERCIVAN MARTIN, JOSE PEREZNEGRON, RICHARDSON SANANDRES, and DOES 1-20, inclusive, individually and in their official capacities as POLICE OFFICERS for the CITY OF OAKLAND<br><br>   Defendants. | Case No.: C11-05044 DMR<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.   This action arises out of the unlawful detention, arrest and beating of a Good Samaritan by several City of Oakland Police Officers. Concerned Oakland resident, Mr. Kazeem Upshaw responded to the scene of a shooting that took place near his home. Upon arrival, he noticed three people lying in the street suffering from gun shot injuries. Mr. Upshaw assisted two of the victims by helping them to the Emergency Department of a nearby hospital. When he

returned to the scene to assist the third victim he was physically accosted by Oakland Police Officers. The Officers beat Mr. Upshaw and falsely arrested him for resisting arrest and battery on a police officer. Adding insult to injury, the Officers hauled Mr. Upshaw off to jail. He was subsequently charged with violating several criminal statutes as a result of the Officers' fabricated police reports. Tellingly, the Alameda County District Attorney's Office eventually dismissed the criminal charges.

2. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1 and § 51.7, and under the common law of California. This action is against City of Oakland and the named City of Oakland Police Officers. It is also alleged that these violations and torts were committed due to policies and customs of the City of Oakland Police Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

## PARTIES

4. Plaintiff KAZEEM UPSHAW ("Plaintiff") is a competent adult, a resident of OAKLAND, California, and a United States Citizen. He is readily recognizable as an African American male.

5. Defendant CITY OF OAKLAND ("CITY") is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California.

6. At all times mentioned herein, ANTHONY BATTS, Chief of the CITY OF OAKLAND POLICE DEPARTMENT ("CHIEF BATTS"), is sued in his official capacity.

7. Defendant JONATHAN MUNIZ, is being sued in his individual and official capacity as a Police Officer for the City of Oakland.

8. Defendant ERCIVAN MARTIN, is being sued in his individual and official

capacity as a Police Officer for the City of Oakland.

9. Defendant JOSE PEREZNEGRON, is being sued in his individual and official capacity as a Police Officer for the City of Oakland.

10. Defendant RICHARDSON SANANDRES, is being sued in his individual and official capacity as a Police Officer for the City of Oakland.

11. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

12. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

13. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law.  Plaintiff has complied with all applicable requirements.

# FACTS

16. The incident took place on October 15, 2010. The location of the incident was near the intersection of 52nd and West Streets in the City of Oakland. It was late that evening when Mr. Kazeem Upshaw arrived home from work and was preparing to take a shower. While preparing to get into the shower he heard the sound of gunfire near his home.

17. Curious as to what had occurred, Mr. Upshaw went outside to see what had happened. Once outside, he immediately saw three people (two young men and one woman) laying on the ground suffering from gunshot wounds. Seeing the victims' apparent state of distress, Mr. Upshaw went to where the victims were lying and began trying to assist them.

18. Mr. Upshaw assisted one of the young man who appeared to have been shot in the leg to his feet and helped him across the street to Children's Hospital. Once the first young man was delivered into the care of hospital staff, Mr. Upshaw returned to the scene. Upon reaching the scene he lifted the second young man off the ground and carried him across the street to the hospital.

19. Next, Mr. Upshaw went back to the scene to check on the remaining female victim. As he approached the scene, he noticed people gathering around the scene. Yet to be identified members of OPD began yelling "get your ass back" and other profanities. Then, suddenly and without warning, Officer Muniz struck Mr. Upshaw knocking him to the ground. Next, without justification or cause, Officers Martin, Pereznegron and Sanandres (collectively "Officers") joined in the fracas by striking and/or restraining Mr. Upshaw as he lay defenseless on the ground. Mr. Upshaw was left with a bloodied nose and bruises on his face.

20. After the beating, Mr. Upshaw was stood up and searched. No contraband, weapons or drugs were found on Mr. Upshaw. Next, the group of Officers walked him in handcuffs over to a nearby police car. Once he reached the car, Mr. Upshaw was again physically manhandled and finally placed into the back of the police car. He sat there

UPSHAW v. CITY OF OAKLAND, et al.
FIRST AMENDED COMPLAINT FOR DAMAGES
- 4 -

bewildered as to why the Officers would treat him such a manner when all he did was act as a Good Samaritan to help the three young gunshot victims.

21. Mr. Upshaw was later taken to Alameda County Medical Center to be cleared for incarceration. Shortly therafter he was placed in jail. The Officers fabricated their police reports in a concerted effort to initiate a criminal prosecution against Mr. Upshaw and to justify their use of force against him.

22. Mr. Upshaw suffered numerous physical and emotional injuries as a result of the Officers' assualtive and abusive conduct.

## DAMAGES

23. As a proximate result of Defendant's conduct, Plaintiff suffered physical and emotional injuries due to being unlawfully detained, arrested, criminally prosecuted and having excessive force used against him. As a further proximate result of Defendants' unlawful conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States Citizen.

24. Defendant police officers' conduct was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants MUNIZ, MARTIN, PEREZNEGRON, SANANDRES and DOES 1-10)

25. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. In doing the acts complained of herein, Defendants and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a.    The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c.    The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY, CHIEF BATTS and DOES 11-25)

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF OAKLAND officials, including Defendant Chief Batts, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-10, and/or each of them.

29. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant CHIEF BATTS and DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

30. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-10, and/or each of them, Defendants, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

31. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF OAKLAND officials, including high ranking OAKLAND POLICE DEPARTMENT supervisors, Defendants, CHIEF BATTS and DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

32. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY, CHIEF BATTS and DOES 11-25)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. As against Defendant CITY OF OAKLAND, Defendant BATTS and/or DOES 11-25 in his/their capacity as police officer(s) for the OAKLAND POLICE DEPARTMENT, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the OAKLAND POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

35. Plaintiff is informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendant OAKLAND POLICE DEPARTMENT, BATTS, DOES 11-25, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or condoned by the Defendant the OAKLAND POLICE DEPARTMENT, Defendant BATTS, DOES 11-25, and each of them.

36. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY OF OAKLAND, Defendant BATTS, DOES 11-25, and each of them.

37. Plaintiff is informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant the OAKLAND POLICE DEPARTMENT.

38.     Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY OF OAKLAND, Defendant BATTS, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-10, and/or each of them.

39.     The aforementioned customs, policies or practices of Defendant CITY OF OAKLAND, Defendant the OAKLAND POLICE DEPARTMENT, BATTS, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

  a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

  b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

  c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

  d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

40.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
(Assault and Battery)
(Against Defendants MUNIZ, MARTIN, PEREZNEGRON, SANANDRES and DOES 1-10)

41.   Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

42.   Defendants and DOES 1-10, inclusive, placed Plaintiff in immediate fear of bodily harm by beating him without any just provocation or cause. Defendants without any just provocation or legal cause touched, held, struck, choked, kicked and/or made physical contact with Plaintiff. Defendants, and DOES 1-10, inclusive, us excessive force against him by beating him without just provocation or legal cause.

43.   These defendants' conduct was neither privileged nor justified under statute or common law.

44.   As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
(False Arrest and Imprisonment)
(Against Defendants MUNIZ, MARTIN, PEREZNEGRON, SANANDRES and DOES 1-10)

45.   Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46.   Defendants, and DOES 1-10, inclusive, falsely imprisoned and arrested Plaintiff without probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

47.   Defendants, and DOES 1 through 10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as government agents in falsely imprisoning

plaintiff without probable cause and in any force used against said plaintiff to effect the false arrest.

48. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants MUNIZ, MARTIN, PEREZNEGRON, SANANDRES and DOES 1-10)

49. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this complaint.

50. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants and DOES 1 through 10, inclusive, as described herein, was motivated by racial prejudice against Plaintiffs. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

51. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

52. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
(Violation of Civil Code Section 52.1)
(Against Defendants MUNIZ, MARTIN, PEREZNEGRON, SANANDRES and DOES 1-10)

53. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54. The conduct of Defendants, and DOES 1 through 10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY OF OAKLAND, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of unlawful detention, arrest, criminal prosecution and excessive force.

55. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1 Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

56. Since this conduct occurred in the course and scope of their employment, Defendant CITY OF OAKLAND is therefore liable to Plaintiff pursuant to respondeat superior.

57. Plaintiff is entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

**JURY DEMAND**

58. Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendant CITY from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from falsely arresting, using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated:  June 27, 2012                                            **The Law Offices of John L. Burris**


                                                                          /s/
                                                                 Adante D. Pointer
                                                                 Attorneys for Plaintiff